**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2997-24

OLAJUWON BROWN,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted July 14, 2026 – Decided July 31, 2026

Before Judges Gilson and Bergman.

On appeal from the New Jersey Department of Corrections.

Olajuwon Brown, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent (Deborah E. Wassel, Assistant Attorney General, of counsel; Hilary Cohen, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Olajuwon Brown, an incarcerated person, appeals from a final agency decision by the Department of Corrections (DOC) dated January 13, 2024, which upheld a Disciplinary Hearing Officer's finding that Brown committed prohibited act *.004 (fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a)(2)(i)).[1]  We affirm.

## I.

We glean the following facts from the record.  Brown was involved in a physical altercation at New Jersey State Prison on October 23, 2024.  According to the report of Sergeant A. Benifield, a corrections officer who was working in the gym at the time, he observed another inmate approach Brown, after which the two began exchanging closed fist strikes.  The sergeant immediately called a "Code 33," signaling an emergency response.  When officers arrived, Brown and the other person were separated and escorted to the health clinic.  Medical staff documented that the other inmate had swelling of his right ring finger, while Brown had abrasions to his forehead and upper lip.  As a result of this incident, Brown was charged with prohibited act *.004, fighting with another

---

[1]  Under N.J.A.C. 10A:4-4.1(a), an incarcerated person who commits a prohibited act "shall be subject to disciplinary action and a sanction . . . imposed by a Disciplinary Hearing Officer [(DHO)]."  "Prohibited acts preceded by an asterisk (*) are considered the most serious and result in the most severe sanctions."  Ibid.

person under N.J.A.C. 10A:4-4.1(a)(2)(i).  He was also initially charged with *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility, but only the fighting charge was ultimately adjudicated.

Brown was served with the disciplinary report on October 24, 2024.  The matter was referred to a hearing officer, and a disciplinary hearing was scheduled for November 4, 2024.  Brown requested and was granted the assistance of a counsel substitute for the hearing.  At the hearing, Brown pleaded not guilty and asserted a claim of self-defense, stating that the other inmate "walk[ed] up to me.  At first I was stepping back but then I had to defend myself."  The hearing record shows Brown was offered the opportunity to call witnesses and confront adverse witnesses, but he declined both.  After the hearing concluded, Brown's counsel substitute requested leniency, specifically asking for suspension of any sanction involving loss of commutation time or restorative housing.

After considering the evidence and Brown's arguments, the DHO found Brown guilty of prohibited act *.004.  The sanctions imposed included thirty days loss of commissary privileges, ninety days in the restorative housing unit (with sixty days suspended), and sixty days loss of commutation time (also

3

suspended for sixty days). The DHO noted that Brown's institutional adjustment and the goal of safety and security of the institution were considered in determining the sanctions.

Brown filed a timely administrative appeal, raising several issues. He alleged that the DHO was not impartial and had already made up her mind before the hearing. He claimed that he had requested video footage from the gym at the time of the fight, but this request was denied, which he asserts impacted his ability to prepare his self-defense claim. Brown also contended that the DHO's reliance on Sergeant Benifield's written report violated the residuum rule.

On January 13, 2025, Acting Administrator Jeffrey Crothers reviewed Brown's appeal and upheld the decision of the hearing officer. He found that Brown had received all the procedural safeguards required by the New Jersey Administrative Code, including notice of the charges, the assistance of a counsel substitute, the opportunity to present a defense, and an impartial tribunal. The Acting Administrator determined that the adjudication was based on substantial evidence, including the sergeant's eyewitness report and medical documentation, and that the extenuating circumstances did not outweigh the substantial evidence against Brown. The sanctions were deemed appropriately applied and were upheld.

A-2997-24

On appeal, Brown reprises his arguments made in his appeal to the Acting Administrator, specifically that the DHO was not impartial, his request for video footage was wrongfully denied inhibiting his self-defense claims, and that the hearing officer's consideration of the sergeant's written report was an error because it violated the residuum rule. He maintains that his self-defense claim was not properly considered and that the judgment was against the weight of the evidence.

The DOC responds that all procedural protections required by law were met, including notice, counsel substitute, impartial tribunal, the opportunity to present a defense, and call or confront witnesses. The DOC asserts that the written report, medical documentation, and Brown's own testimony all contained in the hearing record constitute substantial evidence. It further argues that the residuum rule does not apply to prison disciplinary hearings and Brown had the opportunity to confront the sergeant or call witnesses but declined. The DOC also contends that Brown never requested the video footage.

## II.

Our role in reviewing an incarcerated person disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Generally, the decision will not be disturbed on appeal unless it was

5

arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); see also N.J.A.C. 10A:4-9.15(a) ("A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act."). "'Substantial evidence means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Nevertheless, while we accord deference to the agency, "we will not perfunctorily review and rubber stamp the agency's decision," Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 203 (App. Div. 2003), and we must "engage in a 'careful and principled consideration of the agency record and findings,'" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting State–Operated School District of Newark v. Gaines, 309 N.J. Super. 327, 332, (App. Div. 1998)). Nonetheless, we "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result." In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)). We also defer to the DOC's expert judgment in matters that "threaten prison safety and security," such as drug possession. Blanchard v. N.J. Dep't of

Corr., 461 N.J. Super. 231, 238 (App. Div. 2019) (citing Hamilton v. N.J. Dep't of Corr., 366 N.J. Super. 284, 289 (App. Div. 2004)).

When reviewing a prison disciplinary matter, we also consider whether the DOC followed the regulations adopted to afford inmates limited procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139 N.J. 212, 220-22 (1995). In that regard, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)).

An inmate's more limited procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46 (1975), are codified in a comprehensive set of DOC regulations. See N.J.A.C. 10A:4-9.1 to -9.28. Those rights include entitlement to a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14, the opportunity to present witnesses, N.J.A.C. 10A:4-9.13, and, in certain circumstances, the assistance of counsel substitute, N.J.A.C. 10A:4-9.12. These regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process

A-2997-24

rights of the inmates." Williams, 330 N.J. Super. at 203 (citing McDonald, 139 N.J. at 202).

Applying these principles, we are satisfied there was substantial credible evidence in the record to support the DHO and Acting Administrator's finding of guilt. Moreover, Brown was afforded all the process he was due.

The record adequately supports that Brown received all the procedural safeguards as required by Avant. He was provided notice of the charge against him more than twenty-four hours before the hearing. The Department afforded Brown the assistance of a counsel substitute for the hearing under N.J.A.C. 10A:4-9.12. Brown was permitted to testify and was also offered the opportunity to confront adverse witnesses, including Sergeant Benifield, the drafter of the incident report, but elected not to do so.

In addition, we conclude the DHO's findings affirmed by the Acting Administrator were not arbitrary, capricious, or unreasonable, and substantial credible evidence existed in the record supporting that Brown committed the prohibited act of fighting. Brown was granted counsel-substitute and declined the opportunity to either call or confront witnesses. The DHO considered all the evidence, including Sergeant Benifield's incident report that stated while observing the inmates, an "[inmate] approach[ed] Brown, after which the two began exchanging closed fist strikes," the medical report describing the inmates'

injuries, and Brown's testimony that he initially tried to "step back but then felt he had to defend himself" after the other inmate initiated the altercation. Brown's assertion that the DHO was not impartial was also not supported by the record and was a bare assertion.

The record further reflects that Brown was offered but declined to call witnesses to challenge the findings in the incident report. Therefore, Brown's assertion that he was not provided an opportunity to present his claim of self-defense is belied by the record. The DHO's rejection of this claim and her finding that Sergeant Benifield observed Brown and the other inmate exchange punches is fully supported by the record. The record also supports the fact that Brown failed to demonstrate he could not retreat or alert correctional facility staff, including Sergeant Benifield who was present in the immediate vicinity and observed the fight from the start.

We also reject Brown's contention that Sergeant Benifield's report should not have been considered by the DHO under the residuum rule. The residuum rule permits use of hearsay evidence in administrative proceedings, see N.J.A.C. 1:1-15.5(b), with the reservation that some legally admissible evidence must support every material finding. Jones v. Department of Corrections, 359 N.J. Super. 70, 77 (App. Div. 2003), citing Weston v. State, 60 N.J. 36, 51 (1972).

A-2997-24

Since we have already determined that Brown did not request Sergeant Benifield to appear to confront him on the credibility of his report, we conclude the DHO's consideration of the report was appropriate and was sufficient to support a finding of guilt. See McDonald, 139 N.J. at 193, 201 (holding that the written report of a corrections officer who did not testify at the disciplinary hearing was sufficient evidence to establish an inmate's guilt despite inmate's testimony to the contrary, provided the inmate did not request an opportunity to cross-examine and confront the officer). Having failed to call Sergeant Benifield despite having had an opportunity to do so, Brown's argument based on the residuum rule fails.

We further reject Brown's claim that he requested and was denied security video footage. Brown provided no proofs that he requested the video footage before the hearing. Here, the record exhibits Brown's counsel substitute signed the adjudication report, which included a statement that the report accurately reflected what had happened at the hearing. The report does not contain any indication that Brown requested the video footage.

In sum, we are satisfied the proceedings were conducted in accordance with all applicable due process requirements and the Acting Administrator's disposition affirming the DHO's decision was not arbitrary, capricious, or unreasonable because it was supported by substantial, credible evidence in the

10

record that Brown committed prohibited act *.004 (fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a)(2)(i)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2997-24